UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARTHA FRAZIER, individually, and as personal representative of the Estate of Emma Roberson, <br><br> Plaintiff, <br> v. <br><br> KIRK MCCABE, et al., <br><br><br> Defendants, | Case No. 1:15CV119 SNLJ |

# **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment and first amended motion for default judgment. For the reasons set forth below, the motions will be denied.

Plaintiff filed this cause of action for legal malpractice and breach of contract against defendants on June 24, 2015. Plaintiff's complaint alleges damages "in an amount of at least $75,001" and seeks punitive damages "in an amount to be determined fair and reasonable by the fact finder." Defendants were served with the summons and complaint on October 20, 2015. Defendants have not filed a response to the complaint, and no attorney has entered an appearance on behalf of either defendant. On November 11, 2015, plaintiff filed a motion for default judgment requesting that the Court enter a default judgment against both defendants and set a hearing for a determination of the proper damages award. The default judgment did not set forth the amount or type of damages sought. On November 23, 2015, plaintiff filed a motion for clerk's entry of

default, which was granted on November 24, 2015.  On December 9, 2015, plaintiff filed an amended motion for default judgment seeking entry of a default judgment against both defendants on the legal malpractice claim with an award of $350,000 in actual damages and $1,400,000 in punitive damages.  Plaintiff also seeks entry of judgment against defendants on the breach of contract claim but without a damages award, as it would be duplicative of the award entered on the legal malpractice claim.

Plaintiff, however, failed to submit any evidentiary support for the actual and punitive damages she requested in her amended motion for default judgment.  "When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  "A party seeking damages under a default judgment must . . . prove its right to such damages with affidavits or other supporting documentation." *Joe Hand Promotions, Inc. v. Game on Bar and Grill, LLC*, 4:13CV499 AGF, 2014 WL 3565656, at *2 (E.D Mo. July 18, 2014).  "A party entitled to default judgment is required to prove the amount of damages that should be awarded." *SSM Managed Care Organization, L.L.C. v. Comprehensive Behavioral Care, Inc.*, 4:12CV2386 CAS, 2014 WL 1389581, at *1 (E.D. Mo. Apr. 9, 2014) (citing *Oberstar v. F.D.I.C.*, 987 F.2d 494, 505 n. 9 (8th Cir. 1993).  "A default judgment cannot be entered until the amount of damages has been ascertained." *Id.* (citing *Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1042 (8th Cir. 2000).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment (ECF #7) is **DENIED** without prejudice.

**IT IS FURTHER HEREBY ORDERED** that plaintiff's first amended motion for default judgment (ECF #10) is **DENIED** without prejudice.

Dated this 15th day of December, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE